UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON R. TERHUNE, | No. 2:15-cv-1738 TLN KJN P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

1

In this case, plaintiff contends that he is not a lawyer and does not want to make any mistakes due to his inexperience or ignorance of the law. The court sympathizes with plaintiff's challenges. However, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Accordingly, the court denies plaintiff's request for appointment of counsel.

Plaintiff has also requested clarification from the court on whether he is required to respond to the discovery requests he recently received from defense counsel. Plaintiff is advised that a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). If plaintiff has any relevant documents or materials in his possession or control, he must produce them in response to defendants' discovery requests. Fed. R. Civ. P. 34(b)(2)(B). On the other hand, if plaintiff objects to defendants' request(s), he must state "with specificity" why he is objecting to the request(s). Id. If plaintiff is not in possession or control of relevant materials, he must state under oath that the requested documents do not exist or are not in his possession or control.

In addition, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). With respect to the interrogatories posed by defendants, plaintiff must answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). On the other hand, if plaintiff objects to defendants' interrogatory(ies), he must state his objection(s) with specificity. Fed. R. Civ. P. 33(b)(4). Plaintiff is cautioned that "[t]he discovery process is subject to the overriding limitation of good faith obligation." Asea v. Southern Pacific Transportation Co., 669 F.2d 1242, 1247 (9th Cir. 1981).

Finally, as this court explained in its discovery and scheduling order, issued on February 5, 2016, plaintiff is required to respond to written discovery requests within forty-five days after being served with the requests. The parties seeking discovery are required to serve their

discovery requests on all parties.  Discovery requests and responses shall not be filed with the court except when required by the Local Rules of Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 26, 2016 motion for the appointment of counsel (Doc. No. 19) is denied; and

2. Plaintiff's February 26, 2016 request for clarification (Doc. No. 19) is granted.

Dated:  March 8, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

terh1738.31